UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAR 09 2018 ★
LONG ISLAND OFFICE

Jayson Carr individually and on behalf of all others similarly situated,

    Plaintiff,

v.

Convergent Outsourcing, Inc.

    Jury Demanded

    Defendant.

No. CV18 1477

CLASS ACTION

SPATT, J.

BROWN, M. J.

### Class Action Complaint for
### Violations of the Fair Debt Collection Practices Act

1. Plaintiff Jayson Carr ("Plaintiff" or "Carr") files this Complaint seeking redress for the illegal practices of Defendant, Convergent Outsourcing, Inc. ("Defendant" or "Convergent"), in connection with the collection of a debt allegedly owed by Plaintiff in violation of the Fair Debt Collection Practices Act, ("FDCPA"), 15 U.S.C. § 1692, *et seq.*

2. Among other violations, Convergent Outsourcing, Inc. has violated the Plaintiff and the putative class members' rights under the FDCPA by failing to provide them with the notices to which they are entitled by statute; by depriving them of their full ability to resolve their alleged debts.

### Parties

3. Plaintiff Jayson Carr is a citizen of New York State who resides within this District.

1

4. Plaintiff is a "consumer" as that term is defined by FDCPA § 1692a(3).

5. The alleged debt of Plaintiff is a "debt" as defined by 15 U.S.C. § 1692a in that it is a debt alleged to be owed for personal, family, or household services. The alleged debt was incurred for medical services.

6. Defendant is regularly engaged in the collection of debts allegedly due to others.

7. Defendant is a "debt collector," as defined by FDCPA § 1692a(6).

## Jurisdiction and Venue

8. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

9. Declaratory relief is available under 28 U.S.C. §§ 2201 and 2202.

10. Venue is proper in this district under 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

11. Venue is also proper in this district since Defendant transact business in this district.

## Factual Allegations

12. Convergent Outsourcing, Inc. alleges that Plaintiff owes a debt to Synchrony Bank for medical services.

13. In an attempt to collect the alleged debt, on or about March 10, 2017 Defendant sent Plaintiff a debt collection letter. **(Exhibit A)**

14. Exhibit A seeks to collect a total debt of $1,163.07.

15. Exhibit A fails to indicate to Plaintiff that amount of the debt was going to continue to increase due to interest that was legally accruing pursuant to the terms of the contract between Plaintiff and Synchrony Bank.

16. Exhibit A was the initial letter sent by Defendant to Plaintiff and is hence subject to 15 USC 1692g.

17. Exhibit A violates 15 USC 1692e, and various subdivisions thereto, in that it fails to inform the Plaintiff that interest was continuing to accrue on the account. *Avila v. Riexinger & Assocs., LLC*, 817 F.3d 72 (2d Cir. N.Y. 2016); *Carlin v. Davidson Fink LLP*, 852 F.3d 207, 215-17 (2d Cir. 2017).

18. Exhibit A violates the FDCPA, *Avila*, and *Carlin* in that the Plaintiff is misled as to the proper amount, character, and status of the debt.

19. Exhibit A does not disclose that if the Plaintiff did not pay the alleged debt, the Plaintiff would be liable for accruing interest.

20. Neither Synchrony, the Defendant, nor anyone on their behalf has informed the Plaintiff that Synchrony has permanently waived their right to charge interest on the account.

21. Exhibit A is deceptive, unfair and unconscionable and violates 15 USC 1692e, 15 USC 1692e(2), 15 USC 1692e(10), 15 USC 1692f, and 15 USC 1692f(1), in that it fails to inform the Plaintiff that interest may continue to accrue on the account.

22. Additionally, the initial letter Defendant sent to the Plaintiff violates 15 USC 1692g(a) in that it fails to properly and effectively convey to Plaintiff the amount of the debt that is allegedly owed as specifically required by the FDCPA.

### *Class Action Allegations*

23. Under Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

   a. Based on the fact that the collection letter at the heart of this litigation is a mass-mailed form letters, the class is so numerous that joinder of all members is impractical.

   b. There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. These common questions include whether Exhibit A violates the FDCPA.

   c. The claims of Plaintiff are typical of the class members' claims. All are based on the same facts and legal theories. The only individual issue is the identification of the consumers who received the letter, (*i.e.*, the class members), which is a matter capable of ministerial determination from the Defendants' records.

   d. Plaintiff will fairly and adequately represent the class members' interests. All claims are based on the same facts and legal theories and Plaintiff's interests are consistent with the interests of the class.

   e. Plaintiff has retained counsel experienced in bringing class actions and collection abuse claims.

24. A class action is superior for the fair and efficient adjudication of the class members' claims.

25. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. *See* 15 U.S.C. § 1692k.

4

26. The class members are generally unsophisticated individuals unaware of the protections afforded them by the FDCPA, which rights will not be vindicated in the absence of a class action.

27. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

28. If the facts are discovered to be appropriate, Defendant will seek to certify a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure.

29. This Count is brought by Plaintiff, individually, and on behalf of a class that, according to Defendant's records, consists of: (a) all individuals who have mailing addresses within the United States; and (b) within one year before the filing of this action; (c) were sent a collection letter in a form materially identical or substantially similar to Exhibit A attached to Plaintiff's Complaint (d) which was not returned by the postal service as undeliverable.

30. Collection letters, such as those sent by Defendant, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### Violations of the Fair Debt Collection Practices Act

31. Plaintiff restates, realleges, and incorporates herein by reference all foregoing paragraphs as if set forth fully in this Count.

5

## Class Allegations Related to Exhibit A and/or the Initial Letter

32. By sending Exhibit A to Plaintiff, the Defendant violated 15 USC 1692g(a), 15 USC 1692e, 15 USC 1692e(2), 15 USC 1692e(10) and 15 USC 1692f, in that the Defendant did not properly and effectively convey the amount of the debt, and/or did not properly convey the language required by 15 USC 1692g.

33. By sending Exhibit A, the Defendant violated 15 USC 1692g(a), 15 USC 1692e, 15 USC 1692e(2), 15 USC 1692e(10) and 15 USC 1692f, in that the Defendant did not properly indicate to the Plaintiff that the alleged debt may continuing to accrue interest.

34. By sending Exhibit A, the Defendant also violated 15 U.S.C. §§ 1692 e, e(2), e(5), e(10), and f by falsely indicating that the Plaintiff owed a static amount not subject to interest.

35. Defendant's violations of 15 U.S.C. §1692, *et seq.*, render Defendant liable to Plaintiff and the Class.

36. As a result of Defendant's deceptive, insidious, and unfair debt collection practices, Defendant is liable to Plaintiff and the Class.

**WHEREFORE**, Plaintiff asks that this Court enter judgment in her favor and in favor of the members of the Class, against Defendant, awarding damages as follows:

    (A) Statutory damages as provided by § 1692k of the FDCPA;

    (B) Attorneys' fees, litigation expenses and costs incurred in bringing this action;

6

(C) Declaratory relief declaring that Exhibit A and/or the initial letter Defendant sent Plaintiff violates the FDCPA; and

(D) Any other relief this Court deems appropriate and just.

## Jury Demand

Plaintiff demands trial by jury.

Dated: West Islip , New York
March 8, 2018

RESPECTFULLY SUBMITTED,

S/ JOSEPH MAURO
Joseph Mauro
The Law Offices of Joseph Mauro, LLC
306 McCall Ave.
West Islip, NY 11795
Tel: (631) 669-0921

7

# EXHIBIT A

ATERSO01
PO Box 1022
Wixom MI 48393-1022
CHANGE SERVICE REQUESTED



Convergent Outsourcing, Inc
800 SW 39th St./PO Box 9004
Renton, WA 98057
Mon-Fri 8AM-5PM PT
877-606-6800

Date: 03/10/2017
Creditor: Synchrony Bank
Client Account #: XXXXXXXXXXXX5508
Convergent Account #: T-42200451
Merchant: Amazon.com Store Card

| | |
|---|---|
| Amount Owed: | $1,163.07 |
| Total Balance: | $1,163.07 |

JAYSON CARR
38 E Halley Ln
Central Islip NY 11722-2212

**Your Response is Requested**

Dear JAYSON CARR:

This notice is being sent to you by a collection agency. The records of Synchrony Bank show that your balance of $1,163.07 is due in full

If you have any questions about this account please contact our office toll free at 877-606-6800.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume the debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor

Sincerely,
Convergent Outsourcing, Inc  877-606-6800

**THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. THIS COMMUNICATION IS FROM A DEBT COLLECTOR.**

Debt collectors, in accordance with the federal Fair Debt Collection Practices Act, 15 USC §1692 et seq., are prohibited from engaging in abusive, deceptive and unfair debt collection efforts, including but not limited to: i) The use or threat of violence; ii) The use of obscene or profane language; and iii) Repeated phone calls made with the intent to annoy, abuse, or harass

If a creditor or debt collector receives a money judgment against you in court, state and federal laws may prevent the following types of income from being taken to pay the debt. 1. Supplemental security income, (SSI); 2. Social security; 3. Public assistance (welfare); 4. Spousal support, maintenance (alimony) or child support; 5. Unemployment benefits; 6. Disability benefits; 7. Workers' compensation benefits 8. Public or private pensions; 9 Veterans' benefits; 10. Federal student loans, federal student grants, and federal work study funds, and 11. Ninety percent of your wages or salary earned in the last sixty days

Total amount of debt due as of charge-off $1163.07
Total amount of interest accrued since charge-off: $0.00
Total amount of non-interest charges or fees accrued since charge-off: $0.00
Total amount of payments made on debt since charge-off $0.00

**NOTICE: PLEASE SEE REVERSE SIDE FOR PAYMENT OPTIONS OR IMPORTANT CONSUMER INFORMATION.**

---

PLEASE DETACH THE BOTTOM PORTION WITH YOUR PAYMENT. BEFORE MAILING, PLEASE ENSURE RETURN ADDRESS APPEARS CORRECTLY THROUGH THE WINDOW OF THE REPLY ENVELOPE

877-606-6800

Date: 03/10/2017
Creditor: Synchrony Bank
Client Account #: XXXXXXXXXXXX5508
Convergent Account # T-42200451
Merchant:   Amazon.com Store Card
Total Balance:   $1,163.07

Amount Enclosed: US _____

New Address:
Address _____
City _____ ST ____ Zip _____
Daytime Phone (___) ___-____
Evening Phone (___) ___-____

If we are calling you in error, please call 855-728-9701 or visit our website at www.convergentusa.com

Convergent Outsourcing, Inc
PO Box 9004
Renton WA 98057-9004

8900422004510000116307000000000

| | 3 CONVENIENT WAYS TO PAY: |
|---|---|
| ☎ | Pay Online: Not Available |
| 📞 | Pay by Phone: Please call Convergent Outsourcing, Inc. at 877-606-6800. We offer check by phone, Western Union and debit card. |
| ✉ | Pay by Mail: Send Payments to Convergent Outsourcing, Inc., PO Box 9004, Renton WA 98057-9004 |

New York City Department of Consumer Affairs
License Number 1099671 in Washington State. License Number 1249050 in Texas. License Number 1099672 in Arizona.

You may call Robin Ivie at the toll free telephone number on the front side of this letter during normal business hours.